# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| DANTE G. FREDRICK, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:16-cv-74 |
| | * | |
| v. | * | |
| | * | |
| GLYNN COUNTY STATE COURT; and | * | |
| GLYNN COUNTY, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Dante G. Fredrick's ("Fredrick") Motion for Reconsideration of the undersigned's Order dated July 11, 2016, dkt. no. 11, and Fredrick's Motion for Leave to Appeal *In Forma Pauperis*. For the reasons set forth below, the Court **DENIES** Fredrick's Motion for Reconsideration, dkt. no. 13, and Motion for Leave to Appeal *In Forma Pauperis*, dkt. no. 16.

## BACKGROUND

In its July 11, 2016, Order, the Court adopted the Report and Recommendation of the Magistrate Judge, over Fredrick's Objections, and dismissed his Complaint brought pursuant to 42 U.S.C. § 1983. The Court rejected Plaintiff's argument that his previously filed cases were not considered strikes under the

three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Dkt. No. 11, p. 1 n.1.

In his instant Motion, Fredrick simply reiterates his claim that his previously filed cases are not considered strikes and that, therefore, his case should not be dismissed.

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Fredrick's Motion for Reconsideration. Here, Fredrick does not present any newly discovered evidence or manifest errors of law or fact. Fredrick simply reasserts the arguments from his Objection to the Report and Recommendation. Dkt. No. 10. The Court already discussed at length the law supporting its holding that the PLRA bars Fredrick's suit and that he also fails to state a claim for relief under Section 1983. Dkt. No. 4, pp. 3-9; Dkt. No. 11, p. 1 n.1. The Court sees no error in that analysis, much less clear error warranting reconsideration.

Plaintiff also seeks leave to appeal *in forma pauperis*. Dkt. No. 16. However, the Court already denied Plaintiff leave to appeal *in forma pauperis* in its July 11, 2016 Order. Dkt. No. 11, p. 2. In that Order, the Court certified that any appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Furthermore, this Motion is most properly filed with the Court of Appeals. See Fed. R. App. P. 24(a)(5) (where the district court certifies that an appeal is not taken in good faith, applicant may move the appellate court for leave to proceed *IFP*).

## CONCLUSION

For all of the above stated reasons as well as those included in the Court's prior Orders, the Court **DENIES** Fredrick's Motion for Reconsideration, dkt. no. 13, and his

Motion for Leave to Appeal *In Forma Pauperis*, dkt. no. 16. The Court's Order dated July 11, 2016, remains the Order of the Court, and this case shall remain **CLOSED**.

**SO ORDERED**, this 26 day of August, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA